[Crim. No. 431.   First Appellate District.—April 23, 1913.]

## THE PEOPLE, Respondent, v. JAKE HIRSCH, Appellant.

CRIMINAL LAW—PANDERING—WHAT CONSTITUTES.—One who procures a woman to be received into a house of prostitution, to there follow the calling of a prostitute, is guilty of pandering, although she is received in the house on the condition that she should not ply her trade until registering with the police department and passing the clinic, which is never accomplished because of her arrest the day following.

ID.—INMATE OF HOUSE OF PROSTITUTION—WHO IS.—A woman who enters a house of prostitution with intent to remain, if she obtains a certificate from the clinical board and the consent of the police

officers, is an inmate of the house while there with that intention, although she remains there only for twenty-four hours and does not ply her trade while there.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.    George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Eric G. Scudder, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

HALL, J.—Defendant was charged, under the act against pandering (Stats. 1911, p. 9), with having procured for a female person a place as an inmate in a house of prostitution. Upon trial he was convicted, and took an appeal to this court from the judgment and order denying his motion for a new trial.

The appellant contends that the evidence does not show that defendant procured a *place as inmate* in a house of prostitution for the woman, because, as he contends, the evidence shows that although he took the woman to the house and made application to the keeper of the house to allow the woman to go to work there as a prostitute, and she was in fact allowed to enter and remain in the house for the night and until she was arrested by the police officers the next day, it was upon condition that she should not go to work or receive visitors until she had reported to and been registered by the police department, and had passed the clinic as required by the practice of the police department.

The argument being that under the statute and the charge as made, a woman cannot be said to have received a *place as an inmate* of a house of prostitution until she has been received into such a house with the privilege of plying the vocation of a prostitute.

Even if this be the correct interpretation of the statute insofar as it is directed against a person who "shall procure for a female person a place as inmate in a house of prostitution," we think the evidence in the record is sufficient to support the verdict.

It is true that the keeper of the house testified that she told defendant when he applied to her to allow the woman (whom we shall designate by the initials C. L.) to go to work in the house, that the woman must first see the officers, Fuhrman and Callahan, and pass the clinic; that she also testified that she told her housekeeper who had immediate charge of this particular house (the owner and keeper being personally engaged in running a near-by house) not to allow the woman C. L. to receive visitors until she had obtained permission from Fuhrman and Callahan and the clinic.

But it is also true, as shown by the evidence, that the woman C. L., upon the application of defendant, made both to the woman and to the housekeeper, to allow her to go to work in the house, was with the consent of the owner and keeper received into the house, and allowed a room there, where she spent the night. That she remained in the house until arrested by the officers upon the next day. That her purpose in going to the house was to engage there in the calling of a prostitute, and that she and the defendant, with the knowledge of the housekeeper, the woman in immediate charge of the house, as representing the owner and keeper thereof, went to the room of her (said C. L.), where, according to the testimony of the defendant himself, he not only remained for a time with her, but stayed in bed with her for about half an hour. Manifestly he did not go to bed with her for the purpose of saying his prayers.

In view of these pregnant facts the jury might well take the testimony of the keeper of the house, that she told defendant that the woman could not go to work or receive visitors until she had seen officers Fuhrman and Callahan and passed the clinic, *cum grano salis.*

From the whole evidence contained in the record it is a fair deduction that through the efforts of defendant the woman C. L. was at least received and accepted into the house as an inmate, to ply the calling of a prostitute upon condition subsequent that she should register with the police department and pass the clinic. If so, we think it may be fairly said that defendant procured her a *place* as an *inmate* of a house of prostitution, within the meaning of the statute making it a felony to "procure for a female a place as an inmate in a house of prostitution."

Appellant also complains of an instruction which the court gave, to the effect that a woman who enters a house of prostitution with intent to remain there as a prostitute if she obtains a certificate from the clinical board and the consent of the police officers, but further intending to leave the house should she fail to receive said certificate and consent, is, whilst in the house and retaining such intent to engage therein in prostitution, an inmate thereof, though she remain there but twenty-four hours and did not prostitute herself while there.

We do not think that the court erred in this instruction. One who enters a house of prostitution for the purpose of plying the calling of a prostitute, and remains there, awaiting only the procuring of a medical certificate and consent of the police authorities, is certainly an inmate of such house while remaining there for such purpose.

Appellant also complains that the court failed to instruct the jury as to what is meant in the statute by the words "procure" and "place," or to construe the entire phrase "procure a place as inmate of a house of prostitution." Upon this point it is sufficient to say that appellant made no request for any instruction upon this point.

No other point is made for a reversal, and the judgment and order are affirmed.

Kerrigan, J., and Lennon, P. J., concurred.